**Robert Rory HOHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–96–214 CR, 09–96–215 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Aug. 11, 1997.

Decided Aug. 27, 1997.

Jerry E. Andress, Liberty, for appellant.

Michael R. Little, Dist. Atty., Liberty, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Robert Rory Hohn pleaded guilty, without the benefit of a plea bargain, to two separate indictments for aggravated sexual assault of a child. The trial court assessed punishment in each case at fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division. The sole point of error on appeal contends "[t]he trial court erred in admitting evidence of extraneous offenses, over objection by the defense, when the State had failed to comply with statutory notice requirements of Article 37.07 Code of Criminal Procedure."

The Fort Worth Court of Appeals recently addressed the standard of review under this statute:

The standard of review for determining whether the trial court erred in admitting evidence is the abuse of discretion standard. *Montgomery v. State,* 810 S.W.2d 372, 379 (Tex.Crim.App.1990). But when the trial court's admission of evidence rests, as it does in this case, on the construction and application of a statute such as article 37.07, section 3(g), the issue is a question of law, and our standard of review of the trial court's ruling is de novo. *See Espinosa v. State,* 853 S.W.2d 36, 38–39 (Tex.Crim.App.1993) (court implicitly applied de novo standard of review); *Washington v. State,* 943 S.W.2d 501, 504–06 (Tex.App.—Ft. Worth 1997, no pet. hist.) (op. on reh'g) (in ruling on art. 37.07, section 3(g) notice issue, court implicitly applied de novo standard of review). *But see President v. State,* 926 S.W.2d 805, 809 (Tex.App.—Austin 1996, pet. ref'd.) (while not expressly applying a standard of review, court concluded by holding that trial court did not abuse its discretion).

*Mitchell v. State,* 948 S.W.2d 62, 67 (Tex. App.—Fort Worth 1997, no pet. h.)(not yet reported).

The indictment in cause No. 21,294, alleged that on or about October 15, 1995, appellant penetrated the mouth of a child younger than 14 years of age with his sexual organ. The indictment in No. 21,365 alleged on or about December 1, 1995, appellant committed aggravated sexual assault of the same child by penetrating the child's mouth with his penis, by contacting the child's sexual organ with his mouth, by contacting the genitals of the child with his penis, and by penetrating the child's genitals with his finger.

The Code of Criminal Procedure provides:

(g) On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state

give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon 1981 & Supp.1997).

Appellant filed and obtained a written order on his pre-trial motion for notice of the State's intent to use extraneous offenses in punishment. Appellant acknowledges the State notified appellant of its intent to introduce extraneous offense evidence. The State notified appellant the extraneous acts occurred in Liberty County and would concern the same victim as the charged offenses. At the pre-trial hearing, the prosecutor explained that because of the age of the child (eleven) it would be impossible to give specific dates but the offenses would range from September 1, 1995, through December 16, 1995. The possible acts would be indecency with a child, sexual assault of a child, aggravated sexual assault of a child, the attempts of any of those offenses, and incest. Appellant lodged no pre-trial objections to the lack of notice of a specific date or dates for the extraneous offenses.

At trial, the victim testified about the first sexual encounter with appellant. The prosecutor then asked "Did it happen more than one time after this time?" Defense counsel objected for failure to comply with the notice requirements of Article 37.07 § 3(g) for a specific offense date.

■ Article 37.07 § 3(g) says the notice is reasonable only if it includes the date on which the offense occurred. The issue here is whether the State complied with the statute by specifying a three-month range rather than the specific days the extraneous offenses occurred.

■ By pleading guilty without the benefit of a plea bargain, appellant waived all nonjurisdictional defects occurring prior to entry of the plea. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). In a similar case, the Dallas Court of Appeals held any defects in the State's notice were waived by entry of an open plea of guilt, and therefore the trial court did not err in admitting extraneous offenses in punishment over the objection of the accused. *Splawn v.*

*State*, 949 S.W.2d 867, 870–71 (Tex.App.—Dallas 1997, no pet. h.)(not yet reported). We agree appellant may not now bring error on defective notice, but the evidence was admitted after entry of the plea and appellant may challenge its admissibility on appeal.

■ The indictment allegation of the primary offense may allege an offense occurred "on or about" a specific date. Proof the offense occurred on any date anterior to the presentment of the indictment but within the statutory limitations period will suffice. *Scoggan v. State*, 799 S.W.2d 679, 680, n. 3 (Tex.Crim.App.1990). One Court of Appeals explained:

This great latitude given to the State has a rational basis when the victim is a young child. A young child may make no outcry for several months or even years. When outcry is finally made, the child often is unable to establish a specific date of the offense but must pinpoint the event by describing it in terms of significant holidays, a particular residence, or the circumstances of the offense itself.

*Sledge v. State*, 903 S.W.2d 105, 108 (Tex. App.—Fort Worth 1995, pet. granted). This same rationale is appropriate for extraneous offenses as well. In child sexual abuse cases, it may be impossible to identify one specific date for each separate offense.

In *Splawn*, the Court held date notices "April 1994—August 1994," "May 1994 through July 10, 1994," and "an eighteen-month period prior to August, 1994," complied with the statute.

■ The purpose of article 37.07, § 3(g) is to avoid unfair surprise. *Nance v. State*, 946 S.W.2d 490, 493 (Tex.App.—Fort Worth 1997, pet. filed). The 3½ month period included in the notice covered the entire period of time the victim lived with appellant. All of the extraneous acts occurred within that period. Nothing in the record suggests there were any eyewitnesses other than the accused and the complainant. We find that the notice provided substantially complied with the statute and did not place appellant in the position of being unfairly surprised.

We overrule the point of error and affirm the judgment and sentence of the trial court.

AFFIRMED.