Austin JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–98–333CR.

Court of Appeals of Texas,
Beaumont.

Submitted March 5, 1999.

Decided May 12, 1999.

William S. Morian, Jr., Seale, Stover, Coffield & Bisbey, Jasper, for appellant.

Guy James Gray, Criminal District Attorney, Patrick O. Hardy, Asst. Criminal District Attorney, Jasper, for state.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

Emanuel Nugent, a seventy-three year old man, was attacked by assailants and robbed of his wallet when he went to a convenience store in September 1997. During the struggle, he was knocked to the ground and struck the pavement face first. Nugent sustained injuries to his face, right leg, knee, and rib cage. Appellant Austin Johnson pleaded guilty without a plea bargain to the offense of aggravated robbery, a first degree felony. Having elected to go to the jury on punishment, he was sentenced by the jury to twenty years confinement in the Texas De-

partment of Criminal Justice—Institutional Division.

In issue number one, Johnson contends "[r]eversible error occurred when the trial [c]ourt repeatedly admitted evidence of extraneous offenses." He claims (1) the State failed to give adequate notice as prescribed by TEX.CODE CRIM. PROC. ANN. art. 37.07(3)(g) and TEX.R.CRIM. EVID. 404(b), and (2) the evidence was more prejudicial than probative.

After Johnson pleaded guilty before the jury, his trial counsel objected to the admission of extraneous acts in a hearing held outside the presence of the jury. He complained to the trial judge that the State's notice of extraneous offenses was not reasonable, and the evidence was inadmissible under TEX.R.CRIM. EVID. 403. Appellant further requested the trial court to conduct a hearing to determine whether the evidence was admissible and to conduct a balancing test pursuant to Rule 403. The trial judge overruled his objection regarding lack of notice and denied his request to hold a Rule 403 hearing. As we appreciate the record, the trial judge indicated the balancing test would be done at the time the evidence was actually admitted. At Johnson's request, the trial court gave him a "running objection" on his two complaints, which he renewed at various points throughout the trial.

The notice requirements regarding evidence in the punishment phase are found in Art. 37.07 of the Texas Code of Criminal Procedure:

On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state

give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(g) (Vernon Supp. 1999). Prior to trial, Johnson filed and obtained a written order on his motion for notice of the State's intent to use extraneous offenses in the punishment phase of the trial. In addition, appellant acknowledged he received the notice prior to trial.

▮ By pleading guilty without the benefit of a plea bargain, Johnson waived all nonjurisdictional defects occurring prior to entry of the plea. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App.1972). The State's submission of the allegedly defective notice took place before he entered his guilty plea. As we held in a previous case before this court, an appellant may not bring error on a defective notice after his open plea of guilt has been made. *See Hohn v. State,* 951 S.W.2d 535, 537 (Tex.App.—Beaumont 1997, no pet.); *see also* Splawn v. State, 949 S.W.2d 867, 870 (Tex.App.—Dallas 1997, no pet). We also held in *Hohn,* and do so here as well, that since the evidence was actually admitted after entry of the plea, we will review the appellant's challenge to its admissibility, but not his challenge to any defect in the notice. *Hohn,* 951 S.W.2d at 537.

▮ Challenging the admissibility of the extraneous offenses under Rule 403, Johnson claimed they were more prejudicial than probative. Under Rule 403, the trial court may exclude evidence if it is excessively prejudicial. In making that determination, the trial judge weighs the evidence offered at punishment to determine if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence. *Jones v. State,* 963 S.W.2d 177, 182 (Tex.App.—Fort Worth 1998, pet. ref'd). The objected-to evidence included Edeska Barnes's testimony[1] regarding Johnson's prior acts of assault, burglary of a coin-operated machine, burglary of a building (two counts), theft of a firearm, discharging

of a firearm within the city limits, curfew violations, and deadly conduct.

▮ In the punishment phase of the trial, Art. 37.07 § 3(a) (Vernon Supp.1999) provides that evidence may be offered by the State and the defendant regarding any matter the trial court deems relevant to sentencing, including, but not limited to, the following: "the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." In the punishment phase of the trial, extraneous offense testimony influences the appropriate amount of punishment within the punishment range for the charged offense; it does not change the range of punishment. *See Coleman v. State,* 979 S.W.2d 438, 443 (Tex.App.—Waco 1998, no pet). Here, the extraneous acts admitted by the trial judge are within the parameters of art. 37.07 § 3(a). Appellant does not contend, either below or on appeal, that the evidence was not relevant or that the State failed to prove the extraneous offenses beyond a reasonable doubt.

▮ Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Jones v. State,* 944 S.W.2d 642, 652 (Tex.Crim.App.1996). The rule requires exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Id.* While such evidence as the extraneous acts in this case are always potentially prejudicial, three factors palliate any prejudicial effect. First, the evidence is not patently inflammatory; second, appellant does not dispute having committed the extraneous acts; third, the evidence assists the

---

1. Edeska Barnes was the assistant chief of the    juvenile probation department in Jasper County.

jury in assessing a proper punishment. We conclude the trial court's determination that the evidence is more probative than prejudicial is clearly within the "zone of reasonable disagreement." *See Montgomery v. State*, 810 S.W.2d 372, 391–92 (Tex.Crim.App.1990) (op. on reh'g). Therefore, the trial judge did not abuse his discretion in finding the probative value was not substantially outweighed by any unfair prejudice. In short, while the extraneous acts were unquestionably prejudicial, they were not *unfairly* prejudicial. Issue number one is overruled.

In issue two, Johnson contends "reversible error occurred when the [t]rial [c]ourt refused to conduct a balancing test pursuant to Texas Rules of Evidence 403 to determine the admissibility of extraneous offenses." As noted previously, the trial judge did not refuse to conduct a balancing test. He merely said he would do so at the time the evidence was admitted. Furthermore, in overruling a Rule 403 objection, the court is assumed to have applied a Rule 403 balancing test and determined the evidence was admissible. *See Yates v. State*, 941 S.W.2d 357, 367 (Tex.App.—Waco 1997, pet. ref'd). Rule 403 does not require that the balancing test be performed on the record. *Id.* at 367. Because Johnson objected on Rule 403 grounds and the trial court overruled the objection, we assume that the trial court applied Rule 403, conducted the balancing test, and determined the probative value of the evidence was not substantially outweighed by any danger of unfair prejudice. Issue two is overruled. The judgment is affirmed.

AFFIRMED.