NUMBER
13-01-135-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


 

JUAN
RAMON RAMOS,                                                        Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 

      On appeal from the 24th
District Court of Calhoun County, Texas.

 

 

                                   O P I N I O N

 

                      Before Justices Hinojosa,
Yañez and Baird[1]

                                   Opinion
by Justice Baird     








Appellant was charged
by indictment with the offense of aggravated robbery. A jury convicted
appellant of the charged offense and assessed punishment at ninety-nine years
confinement in the Texas Department of Criminal Justice--Institutional
Division.  Appellant raises three points
of error.  We affirm.

I.  Ineffective Assistance of Counsel.

The first and second
points of error contend trial counsel=s conduct was both
deficient and prejudicial, and, therefore, violated appellant=s rights to effective
assistance of counsel guaranteed under the Sixth Amendment to the United States
Constitution and Article I, Section 10 of the Texas Constitution.  Because the same standard is employed to
evaluate such claims under both constitutions, Hernandez v. State, 726
S.W.2d 53, 56-57 (Tex. Crim. App. 1986), we will address these points of error
jointly.

A.  Standard of Appellate Review.








The right to the
effective assistance of counsel is guaranteed to criminal defendants by the
Sixth and Fourteenth Amendments to the United States Constitution and Article
I, Section 10 of the Texas Constitution. 
The well known two prong standard of Strickland v. Washington,
466 U.S. 668,  684
(1984), is utilized when reviewing ineffective assistance of counsel
claims.  The reviewing court must first
decide whether trial counsel=s representation fell
below an objective standard of reasonableness under prevailing professional
norms.  Id. at
687.  If counsel=s performance was
deficient, the reviewing court must decide whether there is a Areasonable probability@ the result of the
trial would have been different but for counsel=s deficient performance.  Id. 
A reasonable probability is a Aprobability sufficient
to undermine confidence in the outcome.@  Id. at 694.  Absent both showings, an appellate court
cannot conclude the conviction resulted from a breakdown in the adversarial
process that renders the result unreliable. 
Id. at 687; Ex parte Menchaca, 854
S.W.2d 128, 131 (Tex. Crim. App. 1993); Boyd v. State, 811 S.W.2d 105,
109 (Tex. Crim. App. 1991).

The defendant bears
the burden of proving ineffective assistance of counsel by a preponderance of
the evidence.  Jackson v. State,
973 S.W.2d 954, 956 (Tex. Crim. App. 1998); Riascos v. State, 792 S.W.2d
754, 758 (Tex. App.BHouston [14th Dist.] 1990, pet. ref'd).  Allegations of ineffective assistance of counsel
will be sustained only if they are firmly founded and affirmatively
demonstrated in the appellate record.  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); Jimenez v. State,
804 S.W.2d 334, 338 (Tex. App.BSan Antonio 1991, pet.
ref'd).  When handed the task of
determining the validity of a defendant's claim of ineffective assistance of
counsel, any judicial review must be highly deferential to trial counsel and
avoid the deleterious effects of hindsight. 
Ingham v. State, 679 S.W.2d 503, 509 (Tex.
Crim. App. 1984).








Generally, the trial
record will not be sufficient to establish an ineffective assistance of counsel
claim.  Thompson v.
State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).  This is true because normally, a silent record
cannot rebut the presumption that counsel=s performance was the
result of sound or reasonable trial strategy. 
Strickland, 466 U.S. at 688; Stafford v.
State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).  However, a defendant may rebut the
presumption by providing a record from which the appellate court may determine
that trial counsel=s conduct was not
based upon a strategic or tactical decision. 
Jackson v. State, 877 S.W.2d 768, 771-72 (Tex.
Crim. App. 1994).  This record may
be provided via a motion for new trial hearing.  Robinson v. State,
16 S.W.3d 808, 813 (Tex. Crim. App. 2000).  There was no such hearing in the instant
case.[2]

B.  Argument and Analysis.

Appellant argues trial
counsel=s performance was
deficient in several respects. We will address these arguments seriatim.

i.  Failure to Suppress Evidence.

Prior to trial,
appellant moved to suppress certain items seized following the stop and search
of a vehicle.  The parties agreed this
motion would be carried along with the trial on the merits.  Subsequently during trial, the trial judge
overruled the motion outside the presence of the jury.  When the State later moved to admit those
items into evidence before the jury, defense counsel stated, Ano objection.@  Appellant now contends trial counsel was
ineffective in failing to object when the items were admitted into
evidence.  App. br. pg.
3.








Initially, we note
that trial counsel waived any error stemming from the denial of the motion to
suppress by affirmatively stating, Ano objection.@  Dean v. State, 749 S.W.2d 80, 83 (Tex.
Crim. App. 1988) (A[w]hen an accused
affirmatively asserts during trial that he has >no objection= to the admission of
the complained of evidence, he waives any error in the admission of the
evidence despite the pretrial ruling.@). However, when the
failure to preserve error is raised as the basis for an ineffective assistance
of counsel claim, that claim has merit only if the error would have required
reversal.  This is so because it is not
ineffective assistance of counsel when an attorney fails to preserve error
which would not have resulted in reversal. 
Matthews v. State, 960 S.W.2d 750, 753 (Tex. App.BTyler 1997, no
pet.).  In the instant case, appellant
does not argue that the trial judge erred in denying the motion to suppress.
Therefore, we are unable to hold the failure to preserve the suppression issue
for appellate review meets the first prong of Strickland.

ii.  Voir Dire.

The second argument
under these points is that trial counsel failed to object when the State used Aan improper
hypothetical scenario and then committ[ed] some of the
venire members to that scenario.@  App. br. pg. 4.  Our law is well-settled that an attorney
cannot attempt to bind or commit a prospective juror to a verdict based on a
hypothetical set of facts.  Atkins v. State, 951 S.W.2d 787, 789 (Tex. Crim. App. 1997).  Our law is equally well-settled that when the
record is silent as to counsel's trial strategy, we
cannot speculate about why counsel acted as he did. Jackson, 877 S.W.2d at 771.  Voir dire is a joint process whereby the
parties learn the venire members= views
simultaneously.  Therefore, even when one
party asks an objectionable question, the other party may not wish to object in
order to learn the views of the venire members on that topic.  This is perhaps the scenario presented in the
instant case.  We cannot hold as
appellant wishes without engaging in speculation as to why trial counsel failed
to object.  This we refuse to do.








iii.  Gang Membership.

The next two arguments
relate to evidence admitted at the punishment phase of appellant=s trial.  Appellant initially contends trial counsel
was ineffective for failing to object to a letter written by appellant wherein
he admitted using marijuana and being a gang member.  The latter argument relates to evidence which
connected appellant to a gang.

Following his arrest,
appellant began exchanging letters with a young female. The letters written by
appellant were admitted into evidence without objection.  In one of the letters, appellant admitted to being
Ain a gang@ and smoking Afat primos and blunts.@[3]  Appellant argues counsel was deficient for
not requesting a A404 (b) or 403 hearing
or limiting instruction.@  App. br. pg. 6.

Article 37.07, section
3 (a)(1) of the code of criminal procedure specifically provides that the State
may offer Aevidence of an
extraneous crime or bad act@ Anotwithstanding Rules
404 and 405, Texas Rules of Evidence.@  Tex. Code Crim. Proc. Ann. art.
37.07 ' 3(a)(1)
(Vernon Supp. 2002).  Because trial
counsel could not have successfully lodged a 404(b) objection, he was not
deficient for failing to make such an objection.  Thacker v. State, 999 S.W.2d 56, 67
(Tex. App.BHouston [14th Dist.]
1999, pet. ref'd) (ATrial counsel is not
ineffective for failure to make meritless objections.@).








Rule 403 of the Texas
Rules of Evidence favors the admission of relevant evidence and carries a
presumption that relevant evidence will be more probative than
prejudicial.  Jones
v. State, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996).  Therefore, relevant evidence should be
excluded only when there exists a clear disparity
between the degree of prejudice of the offered evidence and its probative
value.  Id.  Although evidence of extraneous acts is
always potentially prejudicial, three factors palliate any prejudicial
effect.  Johnson v. State, 988
S.W.2d 958, 960-61 (Tex. App.BBeaumont 1999, no
pet.).  First, the evidence is not
patently inflammatory; second, appellant does not dispute engaging in the
complained of conduct; and, third, the evidence assists the jury in assessing a proper
punishment.  Therefore, we hold the trial
judge's determination that the evidence was more probative than prejudicial was
clearly within the "zone of reasonable disagreement."  Montgomery v. State,
810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh'g).  Therefore, even if trial counsel had lodged a
Rule 403 objection, the trial judge would not have abused his discretion in
overruling it.








We now turn to
appellant=s argument that
counsel was ineffective in permitting a State=s witness to Aconnect@ appellant to the
Latin Kings gang.  As noted above,
appellant personally admitted in his letters to being in a gang.  Additionally, Port Lavaca Police Officer Eric
Daniel Hart, who had special training and experience with gangs, testified that
one of appellant=s letters
contained a drawing and the words ALatin King for life.@  Hart described the Latin Kings as a criminal
organization that engaged in drug deals, assaults, weapons offenses, burglaries,
and other criminal enterprises as a way of earning money.  Hart concluded his testimony by stating that
an individual who used the drawing and wording as did appellant in his letter
was a Latin King member.  This type of
evidence is admissible.  Beasley v.
State, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995) (gang membership relevant
to character and admissible); Manley v. State, 28 S.W.3d 170, 174 (Tex.
App.BTexarkana 2000, pet.
ref'd).  Therefore, trial counsel was not
deficient for not objecting to this testimony.

iv.  Photographic Lineup.

The final argument
advanced by appellant in these two points of error is that counsel was
deficient in failing to object to a photographic lineup which contained a
photograph of appellant.  This lineup was
made in connection with an extraneous robbery. 
Appellant argues trial counsel was deficient for failing Ato request a 404(b)
and 403 hearing and limiting instructions.@  For the reasons stated in part iii, supra,
we must reject this argument.

v.  Totality of Circumstances.

Appellant argues the
totality of these claimed errors committed by trial counsel are sufficient both
individually and in combination to have rendered the fact-finding process
unreliable.  App. br.
pg. 10.  Appellant is accurate
that in reviewing an ineffective assistance of counsel claim, we consider the
totality of the representation and the totality of circumstances of each
case.  Thompson,
9 S.W.3d at 813; Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim.
App. 1986).  However, our analysis
reveals that trial counsel=s performance was not
deficient in any single respect. 
Therefore, the cumulative effect of that performance cannot result in a
finding of ineffectiveness.

For these reasons,
points of error one and two are overruled. 








II.  Denial of Motion for Continuance.

The third and final
point of error contends the trial judge erred in denying appellant=s motion for
continuance.  This case was called for
trial on January 15, 2001.  That morning,
trial counsel filed a motion for continuance. 
At the hearing on that motion, trial counsel stated he needed the
continuance to secure the presence of Julianna Zamora.  The motion states Zamora=s subpoena had been
returned unserved, that trial counsel had spoken to Zamora the previous day in
an attempt to secure her voluntary appearance, that Zamora was seventeen years
of age and her parents would not let her testify, that Zamora would be a
punishment witness who would testify that appellant had always been nice and
respectful.  The trial judge denied the
motion.








We review a trial
judge's ruling on a motion for continuance under an abuse of discretion
standard.  Janecka
v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); Heiselbetz v.
State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995); Cooks v. State,
844 S.W.2d 697, 725 (Tex. Crim. App.1992) (decision to grant or deny motion for
continuance falls within sound discretion of trial judge).  To obtain a continuance because of a missing
witness, the defendant must show, among other things, he exercised due
diligence to secure the witness' presence. 
Tex. Code Crim.
Proc. Ann. art. 29.06(2) (Vernon 1989). 
A trial judge does not abuse his discretion in denying a motion for
continuance if the defendant fails to apply for process of a witness or does so
a day or two before his trial.  Peoples
v. State, 477 S.W.2d 889, 891 (Tex. Crim. App. 1972) (AIf a defendant does
not apply for process of a witness until a day or two before his trial, he has
failed to exercise the due diligence which is necessary to support a motion for
continuance.").  In the instant
case, there is no showing of when trial counsel requested the subpoena for
Zamora.  However, the motion states he
talked to her the day before trial was to commence.  Additionally, the record does not show that
trial counsel took any action to secure Zamora=s presence for the punishment phase of trial
which did not begin until January 17, 2001. 
Accordingly, we cannot hold that the trial judge abused his discretion
in denying the motion for continuance.[4]  The third point of error is overruled.

The judgment of the
trial court is affirmed.

 

                                                                        


CHARLES F. BAIRD

Justice

 

 

Do not publish. 


Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

20th day of June,
2002.











[1] Former Court of Criminal Appeals Judge
Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code Ann. ' 74.003 (Vernon 1998).





[2]  Appellant filed a motion for new trial
and scheduled that motion for a hearing. 
However, appellate counsel later withdrew that motion Aafter
a discovery conference with the attorneys for State,@ and
asked that the Aappeal
proceed directly on defendant=s Notice of Appeal.@  That motion was granted by the trial judge.





[3]  Primos and blunts refer to
marihuana cigarettes.





[4]  We pause to note that the
State, in opposing the motion, argued the testimony of Zamora would have been
inadmissible.  However, the plain
language of article 37.03, section 3(a)(1) specifically provides for the
admission of evidence on Aany
matter the court deems relevant to sentencing, including but
not limited to the prior criminal record of the defendant, his general
reputation, his character, ...@  Tex. Code Crim. Proc. Ann. art.
37.07 ' 3(a)(1) (Vernon Supp. 2002). Under this plain language, the
testimony of Zamora appears to have been admissible.