Scottie Eugene Brown v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-307-CR

SCOTTIE EUGENE BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Scottie Eugene Brown appeals his conviction for manslaughter. In one issue, Brown contends that the trial court erred by admitting evidence of certain extraneous bad acts at punishment because the State failed to give him notice of the dates of the acts and the counties where these particular acts occurred as required by Texas Code of Criminal Procedure article 37.07, section 3(g).  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (Vernon Supp. 2004).  We will affirm.

II.  Factual Background

In October 2001, Brown entered the residence of his estranged wife, Deanna Murach, and shot her live-in boyfriend, Colton Jacob Kern.  Brown then pointed the gun at Murach and ordered her into the living room.  Once in the living room, Brown rested the gun on his chin and stated that he was going to kill himself.  Eventually, Brown left and told Murach not to call the police for five minutes.  The jury found Brown not guilty of murder, but found him guilty of manslaughter.

During the punishment hearing, the State offered Murach’s testimony that Brown had previously burglarized a hardware store, previously assaulted Russell Hayes, used marihuana daily, possessed a very bad temper, and frequently backed her into corners, held her down, and prevented her from leaving the house.  The jury assessed Brown’s punishment at twenty years’ confinement and a fine of $10,000.

III.  Standard of Review

We review claims challenging the admission of evidence of extraneous offenses under an abuse of discretion standard.  
See Roethel v. State
, 80 S.W.3d 276, 280 (Tex. App.—Austin 2002, no pet.) (citing 
Mitchell v. State
, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996)).  We will affirm the trial court’s decision if it is within “the zone of reasonable disagreement.”  
Roethel
, 80 S.W.3d at 280.

IV.  Notice Unreasonable

In his sole issue, Brown contends that the trial court erred by admitting evidence of extraneous bad acts because the State’s notice pursuant to Texas Code of Criminal Procedure article 37.07, section 3(g) failed to include the dates on which the acts occurred.
(footnote: 2)  Specifically, Brown complains that the following extraneous bad act evidence should not have been admitted:  his pattern of holding Murach down and not allowing her to get up; his pattern of backing Murach into corners; his pattern of not allowing Murach to leave the house; his pattern of marihuana use.
(footnote: 3)  The State responds that its notice to Brown substantially complied with article 37.07, section 3(g) because Brown’s pattern of extraneous bad acts occurred on multiple dates, not merely one specific, identifiable date.  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g).  In the alternative, the State argues that any error in admitting the extraneous offenses was harmless.

Article 37.07, section 3(g) provides that, when the defendant timely requests notice of the State’s intent to introduce at punishment an extraneous bad act that has not resulted in a final conviction, the State must give the defendant reasonable notice in advance of trial.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (incorporating Texas Rule of Evidence 404(b)’s reasonable notice requirement).  Such notice is reasonable only if it includes the date on which the alleged crime or bad act occurred.  
Id.
  The purpose of article 37.07, section 3(g) is to avoid unfair surprise, that is, trial by ambush.  
Nance v. State
, 946 S.W.2d 490, 493 (Tex. App.—Fort Worth 1997, pet. ref’d).

Here, the State’s notice listed thirty-four extraneous offenses or bad acts including:

-Pattern of holding Deanna Murach down and not allowing her to get up.

-Pattern of backing Deanna Murach into corners.

-Pattern of not allowing Deanna Murach to leave the house.

-Pattern of drug usage including marihuana . . . .

The State did not allege any specific date, month, or time frame for these pattern bad acts.  Murach testified that she had known Brown for approximately ten years.
(footnote: 4)  She testified at punishment that Brown would “frequently” back her into corners, that on several occasions he sat on her and held her hands down, and that he used marihuana on a daily basis.  She did not testify about not being allowed to leave the house.

The State’s notice for these four pattern extraneous bad acts 
did not comply with article 37.07, section 3(g)’s requirement that the State provide notice of the date on which the bad act occurred.  Courts interpreting section 3(g) hold that substantial compliance with the date requirement is sufficient absent some showing that trial testimony concerning the date of the offense or act surprised the defendant.  
See Burling v. State
, 83 S.W.3d 199, 202-03 (Tex. App.—Fort Worth 2002, pet. ref’d); 
Wallace v. State
, No. 12-02-00202-CR, 2004 WL 306120, at *4 (Tex. App.—Tyler Feb. 18, 2004, no pet.); 
Roethel
, 80 S.W.3d at 280;
 
Hohn v. State
, 951 S.W.2d 535, 537 (Tex. App.—Beaumont 1997, no pet.); 
Splawn v. State
, 949 S.W.2d 867, 870-71 (Tex. App.—Dallas 1997, no pet.).  When, however, no date is alleged in the State’s notice, as compared to substantial compliance via the allegation of a month or time period, and the possible time frame for commission of the extraneous offense or bad act is an eight-year span or a decade, the notice is unreasonable.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g) (providing that State’s notice is reasonable only if it includes date on which alleged crime or bad act occurred); 
Roethel
, 80 S.W.3d at 280-81 (holding State’s notice defective where it alleged no dates and pattern offenses could have occurred during eight-year span)
; James v. State
, 47 S.W.3d 710, 714 (Tex. App.—Texarkana 2001, no pet.) (holding State’s notice defective for failure to state any date and harmful where evidence showed pattern of child abuse stretching over decades).  Here the possible time frame for the three pattern bad acts offered into evidence by the State spanned the entire ten-year period that Murach had known Brown.  Accordingly, we hold that the State’s notice here was unreasonable and that the trial court abused its discretion in holding otherwise.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(g); 
Roethel
, 80 S.W.3d at 281
; James
, 47 S.W.3d at 714 .

V.  Harm Analysis

We apply a rule 44.2 harm analysis to the trial court’s improper admission of extraneous bad acts testimony.  
See
 
Roethel
, 80 S.W.3d at 281
.  
To determine if error was harmful, we examine the record to determine whether the deficient notice resulted from prosecutorial bad faith or prevented the defendant from preparing for trial.  
See id.
 at 282.  In determining the latter, we will look at whether the defendant was surprised by the substance of the testimony and whether that affected his ability to prepare cross-examination or mitigating evidence.  
See id.
; 
see also Ford v. State
, 73 S.W.3d 923, 925-26 (Tex. Crim. App. 2002) (holding harm from violation of notice provision of article 37.07, section 3(g) is assessed against statute’s intended purpose).

Our review of the entire record does not reveal that the State’s deficient notice resulted from prosecutorial bad faith or prevented Brown from preparing for trial.  
The State’s notice named the victim, Murach, except in the victimless extraneous offense involving drug use, specified the bad act, and indicated that the offense was a pattern, occurring frequently.  Although the State’s notice did not satisfy the statutory date requirement, the record does not indicate that the State intended to or did mislead Brown or prevent him from preparing a defense.

Nor did the deficiencies in the notice actually prevent Brown from preparing to cross-examine Murach.  The notice informed him that she would testify about his behavior towards her, specifically the patterns identified in the State’s notice.  The record does not demonstrate that Brown was surprised by Murach’s punishment testimony, and he makes no such argument on appeal. The record shows that Brown’s attorney conducted a vigorous cross-examination of Murach.  Accordingly, we hold that the State’s deficient notice did not affect Brown’s substantial rights.  
See Apolinar v. State
, 106 S.W.3d 407, 415 (Tex. App.—Houston [1
st
 Dist.] 2003, pet. granted); 
Roethel
, 80 S.W.3d at 283.  We overrule Brown’s sole issue.

VI.  Conclusion

Having overruled Brown’s sole issue, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 13, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Brown’s appellate brief also complains that the State’s notice failed to identify the counties where the bad acts occurred, but because this complaint was not raised at trial we do not address it here.  
See Thomas v. State
, 723 S.W.2d 696, 
700 (Tex. Crim. App. 1986) (holding trial objection must comport with complaint on appeal).

3:
Brown complains that the trial court erred by admitting evidence of his drug usage, including marihuana, acid (LSD), cocaine, and amphetamine/methamphetamine, but the trial court excluded all testimony about drugs other than marihuana.  We therefore construe Brown’s argument as pertaining only to evidence of a pattern of marihuana use.

4:
Brown and Murach met in 1994, were married in 1998, and the offense at issue occurred on October 8, 2001.