NO. 07-04-0459-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 28, 2004



______________________________



DELBERT MCCLOY, APPELLANT



V.



BOB DAVIS, INDIVIDUALLY AND AS HANSFORD


COUNTY JUSTICE OF THE PEACE, AND HANSFORD COUNTY


SHERIFF R. L. MCFARLIN, A GOVERNMENTAL EMPLOYEE


OF HANSFORD COUNTY, TEXAS, APPELLEES


_________________________________



FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;



NO. 4514; HONORABLE STEVEN EMMERT, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On September 13, 2004, the clerk of this court received a copy of a Notice of Appeal
filed on behalf of appellant Delbert McCloy. By letter dated October 20, 2004, the clerk
advised counsel for appellant that a reporter's record had not been received, see Tex. R.
App. P. 34.6(h), 35.3(b). By letter dated November 5, 2004, counsel for appellant was
likewise advised that failure to file a written status report regarding payment for the clerk's
and reporter's record may result in dismissal of the appeal. See Tex. R. App. P. 42.3(c). 

 By letter dated December 1, 2004, the clerk advised counsel for appellant that a
written status report regarding payment for the clerk's and reporter's record was due, and
that unless the written status report was received on or before December 10, 2004, the
appeal would be subject to dismissal. 

 This Court has not received a written status report confirming that the clerk's and
reporter's records have been paid for or that satisfactory arrangements have been made
for payment for these records. Accordingly, this appeal is dismissed. Tex. R. App. P. 42.3.


 Phil Johnson

 Chief Justice








pt responsibility for their acts. Appellant did not testify and believed the utterance
alluded to that fact. We overrule the issue.

 When the prosecutor's comment is supported by testimony in the record as to the
defendant's lack of remorse, the argument is not an improper comment on his failure to
testify. Davis v. State, 782 S.W.2d 211, 222-23 (Tex. Crim. App. 1989), cert. denied, 495
U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 520 (1990); see also Roberts v. State, 923 S.W.2d
141, 145 (Tex. App.--Texarkana 1996, pet. ref'd) (holding that when the record contains
evidence demonstrating the defendant's lack of remorse at the scene of the crime or
otherwise outside the trial setting, the comment is a summary of the evidence). At the
punishment phase of the trial, the State re-offered the evidence presented during the guilt-
innocence phase. Within it appeared testimony from the victim's mother illustrating that
when she asked appellant why he inserted his fingers into the four-year-old victim's
genitalia, he stated, "because she was messing with me." Further, appellant was described
as being "kind of nonchalant" when questioned by police, and his major concern was
whether he "could go to work the next day." Appellant also stated to others that the four-year-old victim had been playing with herself at the time of the alleged offense. This
constitutes evidence from which the State could reasonably opine that appellant was
neither accepting responsibility nor remorseful for his misconduct. See Palermo v. State,
992 S.W.2d 691, 694-95 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd) (holding that
testimony to the effect that 1) the defendant had told someone that he had shot people but
never anyone who did not need it, 2) that when being questioned by police, his biggest
concern was his need to get home to be sure his van and camera equipment were safe,
and 3) his comments to a clinical psychologist that he did not remember doing anything and
knew he did not do anything supported the prosecutor's argument that the defendant's
remorse could be considered in determining punishment and did not constitute an attempt
to infer lack of remorse from the defendant's failure to testify). Thus, the comment was not
improper. 

Issue Two - Admission of Victim Impact Evidence


 Appellant next contends that the trial court impermissibly admitted, during the
punishment phase, "victim impact evidence concerning children not named in the
indictment." We overrule the issue.

 The testimony in question involved two children, J. and P. As to the alleged impact
evidence regarding the former, appellant objected. In response, the trial court stated, 
"sounds like extraneous to me" and "I think you can't get into extraneous." Given their
context (i.e. the litigants were arguing about whether the questions solicited improper
impact evidence), the court's responses reasonably evince one of two things. Either it
agreed with appellant or it did not rule on the objection. If it agreed with appellant, then
appellant has no complaint on appeal. If the trial court did not rule on the objection, then
appellant failed to preserve his complaint for appeal. Lusk v. State, 82 S.W.3d 57, 60 (Tex.
App.--Amarillo 2002, pet. ref'd) (holding that to preserve error, the objection must be
pressed to the point of an adverse ruling). And, in either case, nothing is before us for
review.

 As to the impact evidence regarding P., appellant objected to the State's initial
attempt to solicit the information. After the State explained that it was simply attempting
to "elicit any signs of abuse at or around the time [the abuse was] occurring," the objection
was overruled. At that point, the State asked another question about changes in the
behavior or sleeping patterns of P. This garnered another objection by appellant. In
response, the trial court directed the prosecutor to clarify the question and overruled
appellant's subsequent request for an instruction to the jury to disregard the witness' "last
response." Then, the State asked another question which resulted in the witness
describing behavior that appellant previously considered victim impact evidence; however,
no objection was uttered this time. Having failed to object to the subsequent evidence or
to obtain a running objection when the prior evidence was solicited, appellant waived his
complaint. Cruz v. State, 877 S.W.2d 863, 868 (Tex. App.--Beaumont 1994, pet. ref'd)
(holding that where the same evidence or argument is presented elsewhere without
objection, no reversible error exists). 

Issue Three - Admission of Extraneous Offenses


 Lastly, appellant complains that the State did not afford him notice of its intent to
offer, during the punishment phase, extraneous offenses for which he was not convicted. 
The evidence consisted of acts wherein two children, P. and A., were the victims. We
overrule the point.

 Article 37.07 §3(g) of the Code of Criminal Procedure provides that:

 On timely request of the defendant, notice of intent to introduce evidence
under this article shall be given in the same manner required by Rule 404(b),
Texas Rules of Criminal Evidence. If the attorney representing the state
intends to introduce an extraneous crime or bad act that has not resulted in
a final conviction in a court of record or a probated or suspended sentence,
notice of that intent is reasonable only if the notice includes the date on which
and the county in which the alleged crime or bad act occurred and the name
of the alleged victim of the crime or bad act . . . .

Tex. Code Crim. Proc. Ann. art. 37.07 §3(g) (Vernon Supp. 2004). Appellant filed a
request for notice. The State responded by notifying appellant, in writing and several
months before trial, of its intent to proffer evidence of numerous criminal acts undertaken
by him and involving different victims. Two of the named victims were P. and A. 
Furthermore, the extraneous offenses which appellant committed against P. were listed as
1) "indecency with a child by exposure," 2) "aggravated sexual assault of a child," and 3)
"indecency with a child by contact." These offenses occurred in Harris County "on or
about" June 6, 1996, according to the notice. The offenses in which A. was the victim were
itemized as 1) "indecency with a child by exposure," 2) "indecency with a child by contact,"
and 3) "sexual assault of a child." The State alleged (in its notice) that they too occurred
in Harris County but "on or about" May 5, 1980.

 At trial, evidence was offered of multiple acts undertaken by appellant involving P.
and A. Though appellant did not object to the evidence of the first act committed with
respect to each victim, he objected to the State's attempt to present evidence of other acts
he may have committed against them because those acts supposedly were not covered
by the State's prior written notice. For instance, P. initially testified that when she was six
or seven years old, appellant inserted his finger into her vagina. When asked if he did other
things to her on other occasions, appellant objected. In his view, the State could not solicit
that information because those acts occurred on a date other than June 6, 1996, and the
State only notified him of its intent to present evidence of extraneous offenses occurring
on June 6th. This argument has several flaws, however.

 First, to have merit, the initial act described by the witness would have had to be the
one encompassed by the notice, assuming arguendo that the notice is to be strictly
construed as encompassing only those crimes committed on the exact day the State
mentioned. Yet, neither appellant nor the record illustrate that the date on which he
penetrated P. with his finger was June 6, 1996. (2) Nor do either appellant or the record
illustrate that the other acts of which he was accused in the notice occurred on a date other
than June 6, 1996. It may well be that the first act described happened on a date other
than June 6th and the other offenses P. was asked to describe were the ones that actually
occurred on June 6th. (3) And, if that is true, then appellant may well have objected to
evidence of crimes about which the State actually notified him and stood silent when the
evidence of offenses, if any, outside the scope of the notice was solicited. Simply put, we
do not know one way or the other. And, because we do not, we cannot say that appellant
carried his burden on appeal of showing that the trial court erred in admitting the evidence. 
Second, and more importantly, the underlying purpose of art. 37.07, §3(g) is to avoid unfair
surprise. Chimney v. State, 6 S.W.3d 681, 693 (Tex. App.-Waco 1999, pet. ref'd). 
Assuming arguendo that serving this purpose may require exactitude under some
situations, it does not when the extraneous offenses involve crimes against children. Under
those circumstances, the statutory requirement obligating the State to inform the accused
of the date on which he committed the extraneous offense is relaxed. Roethel v. State,
80 S.W.3d 276, 280-81 (Tex. App.-Austin 2002, no pet.) (noting that "courts also have
given the State leeway in specificity regarding dates" and that "[c]ourts have allowed some
range of time to satisfy the requirement of a specific date"); see Burling v. State, 83 S.W.3d
199, 202-03 (Tex. App.-Fort Worth 2002, pet. ref'd) (stating that notice encompassing a
six-week span was reasonable); Hohn v. State, 951 S.W.2d 535, 537 (Tex. App.-Beaumont
1997, no pet.) (stating that notice encompassing a three and one-half month span was
sufficient). This is so because victimized children may not remember specific dates but
rather general time periods. Hohn v. State, 951 S.W.2d at 537, quoting Sledge v. State,
903 S.W.2d 105 (Tex. App.-Fort Worth 1995), aff'd, 953 S.W.2d 253 (Tex. Crim. App.
1997). 

 Moreover, here, the State described the various extraneous crimes as occurring "on
or about" a particular date. Admittedly, the time span encompassed by that phrase is not
precise. See Thomas v. State, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988) (stating that
"[w]here an indictment alleges that some relevant event transpired 'on or about' a particular
date, the accused is put on notice to prepare for proof that the event happened at any time
within the statutory period of limitations"). Yet, use of that phrase has long been accepted
as a reasonable means of informing the defendant of the crime for which he is accused of
committing. See e.g., id. And, if it may be used as a means of describing the date on
which an accused committed the crime for which he has been indicted, we see little reason
to say it cannot be utilized as a legitimate means of describing the date on which he
committed extraneous offenses which the State intends to prove during the punishment
phase of the trial. Given this, the leeway afforded the State under art. 37.07, §3(g) when
children are involved, the fact that A. and P. were children when they were assaulted by
appellant, the statement in the notice at bar that the prosecution sought to show that
appellant committed multiple crimes against P. and A. on or about a specified day, the
absence of evidence and argument illustrating that those extraneous crimes were
committed at times other than on or about the dates mentioned in the notice, and the
absence of any assertion by appellant that the State's proffer of evidence surprised him,
we cannot say that he was denied the notice contemplated by art. 37.07, §3(g). In sum,
appellant has not shown that the trial court abused its discretion in admitting the evidence
at issue.

 Having overruled all of appellant's issues, we affirm the judgment of the trial court.


 Brian Quinn

 Justice 


Publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. As indicated in his brief, appellant simply presumed that the act occurred on June 6th.
3. The same can be said about the evidence of extraneous offenses regarding A.