**AFFIRM; and Opinion Filed January 29, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00704-CR

**ALBERTO GENSOLLEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC-16-R0010-D**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Boatright

Alberto Gensollen was charged with violating section 521.457 of the Texas Transportation Code, which provides that a person commits an offense if he operates a motor vehicle on a highway while his driver's license is suspended under any Texas law. TEX. TRANSP. CODE ANN. § 521.457(a)(2) (West Supp. 2017). A municipal-court jury convicted him and assessed a $500 fine. Gensollen appealed the municipal court's judgment to the county criminal court of appeals, which affirmed. Gensollen now appeals the county criminal court of appeals' judgment. We affirm.

Gensollen does not dispute the allegation that he was driving with a suspended license. In a single issue on appeal to this Court, he contends that one of the State's trial exhibits was unfairly prejudicial. This exhibit contained a certified copy of Gensollen's driving record, which showed not only that his license was suspended on the date of the charged offense, but also that he had

previously been convicted of Driving While License Invalid, Driving While License Suspended, and other traffic offenses. Gensollen claims that under "Rule 403 of the Texas Code of Criminal Procedure, this voluminous traffic offense packet had to be more prejudicial than probative as to . . . inflame the jury and disallow a fair, impartial and unbiased trial." Gensollen presents no argument or legal authority in support of this claim.

Under Texas Rule of Evidence 403, a trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. TEX. R. EVID. 403. The probative value of the State's exhibit was very high because it proved that Gensollen's license was suspended on the date of the charged offense. Gensollen has not attempted to identify any reason to conclude that the evidence of his previous convictions posed a danger of unfair prejudice that substantially outweighed the very high probative value of the State's exhibit. We have found no such reason on our own.

Gensollen also claims that the trial court's ruling that allowed the exhibit to be admitted into evidence was harmful error and that his conviction should be reversed or remanded. To support this argument, he cites *Johnson v. State*, in which one of our sister courts of appeals held that the evidence in question was not unfairly prejudicial and that the trial court did not commit reversible error in admitting it. 988 S.W.2d 958, 961 (Tex. App.—Beaumont 1999, no pet.) (per curiam). Gensollen makes no attempt to explain why he thinks *Johnson* supports his argument, and we do not think it does.

We will reverse a trial court's Rule 403 determination "'rarely and only after a clear abuse of discretion.'" *Hernandez v. State*, No. 05-16-00599-CR, 2017 WL 2871428, at *5 (Tex. App.—Dallas July 5, 2017, pet. ref'd) (mem. op., not designated for publication) (quoting *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990) (op. on reh'g)). Gensollen does not argue that the trial court abused its discretion.

Because we do not conclude that the State's exhibit posed a danger of unfair prejudice that substantially outweighed its probative value, we conclude that the trial court did not abuse its discretion in admitting the exhibit. Accordingly, we affirm the county criminal court of appeals' judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2

170704F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ALBERTO GENSOLLEN, Appellant

No. 05-17-00704-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC-16-R0010-D.
Opinion delivered by Justice Boatright.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the county criminal court of appeals is **AFFIRMED**.

Judgment entered this 29th day of January, 2018.