NO. 07-02-0186-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 30, 2004
_____

THEODORE NELSON, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 232nd DISTRICT COURT OF HARRIS COUNTY;

NO. 869,441; HON. MARY LOU KEEL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Theodore Nelson, Jr., appeals his conviction for aggravated sexual assault of a child. The jury assessed his punishment at life imprisonment. Three issues pend for our consideration. Appellant argues that 1) the State improperly commented on his failure to testify during the punishment phase of the trial, 2) the trial court erred during the punishment phase of the trial by admitting victim impact evidence concerning two other

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

children assaulted by appellant, and 3) the trial court erred during the punishment phase of the trial by admitting evidence of extraneous offenses about which appellant was not notified. We affirm the judgment of the trial court.

### *Issue One - Comment on Failure to Testify*

Appellant claims that the State impermissibly commented on his failure to testify during its closing arguments at the punishment phase. The comment consisted of the prosecutor opining that probation may be warranted for those who express remorse about or accept responsibility for their acts. Appellant did not testify and believed the utterance alluded to that fact. We overrule the issue.

When the prosecutor's comment is supported by testimony in the record as to the defendant's lack of remorse, the argument is not an improper comment on his failure to testify. *Davis v. State,* 782 S.W.2d 211, 222-23 (Tex. Crim. App. 1989), *cert. denied,* 495 U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 520 (1990); *see also Roberts v. State,* 923 S.W.2d 141, 145 (Tex. App.--Texarkana 1996, pet. ref'd) (holding that when the record contains evidence demonstrating the defendant's lack of remorse at the scene of the crime or otherwise outside the trial setting, the comment is a summary of the evidence). At the punishment phase of the trial, the State re-offered the evidence presented during the guilt-innocence phase. Within it appeared testimony from the victim's mother illustrating that when she asked appellant why he inserted his fingers into the four-year-old victim's genitalia, he stated, "because she was messing with me." Further, appellant was described as being "kind of nonchalant" when questioned by police, and his major concern was whether he "could go to work the next day." Appellant also stated to others that the four-year-old victim had been playing with herself at the time of the alleged offense. This

2

constitutes evidence from which the State could reasonably opine that appellant was neither accepting responsibility nor remorseful for his misconduct. *See Palermo v. State,* 992 S.W.2d 691, 694-95 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd) (holding that testimony to the effect that 1) the defendant had told someone that he had shot people but never anyone who did not need it, 2) that when being questioned by police, his biggest concern was his need to get home to be sure his van and camera equipment were safe, and 3) his comments to a clinical psychologist that he did not remember doing anything and knew he did not do anything supported the prosecutor's argument that the defendant's remorse could be considered in determining punishment and did not constitute an attempt to infer lack of remorse from the defendant's failure to testify). Thus, the comment was not improper.

### Issue Two - Admission of Victim Impact Evidence

Appellant next contends that the trial court impermissibly admitted, during the punishment phase, "victim impact evidence concerning children not named in the indictment." We overrule the issue.

The testimony in question involved two children, J. and P. As to the alleged impact evidence regarding the former, appellant objected. In response, the trial court stated, "sounds like extraneous to me" and "I think you can't get into extraneous." Given their context (*i.e.* the litigants were arguing about whether the questions solicited improper impact evidence), the court's responses reasonably evince one of two things. Either it agreed with appellant or it did not rule on the objection. If it agreed with appellant, then appellant has no complaint on appeal. If the trial court did not rule on the objection, then

3

appellant failed to preserve his complaint for appeal. *Lusk v. State,* 82 S.W.3d 57, 60 (Tex. App.--Amarillo 2002, pet. ref'd) (holding that to preserve error, the objection must be pressed to the point of an adverse ruling). And, in either case, nothing is before us for review.

As to the impact evidence regarding P., appellant objected to the State's initial attempt to solicit the information. After the State explained that it was simply attempting to "elicit any signs of abuse at or around the time [the abuse was] occurring," the objection was overruled. At that point, the State asked another question about changes in the behavior or sleeping patterns of P. This garnered another objection by appellant. In response, the trial court directed the prosecutor to clarify the question and overruled appellant's subsequent request for an instruction to the jury to disregard the witness' "last response." Then, the State asked another question which resulted in the witness describing behavior that appellant previously considered victim impact evidence; however, no objection was uttered this time. Having failed to object to the subsequent evidence or to obtain a running objection when the prior evidence was solicited, appellant waived his complaint. *Cruz v. State,* 877 S.W.2d 863, 868 (Tex. App.--Beaumont 1994, pet. ref'd) (holding that where the same evidence or argument is presented elsewhere without objection, no reversible error exists).

### *Issue Three - Admission of Extraneous Offenses*

Lastly, appellant complains that the State did not afford him notice of its intent to offer, during the punishment phase, extraneous offenses for which he was not convicted. The evidence consisted of acts wherein two children, P. and A., were the victims. We overrule the point.

Article 37.07 §3(g) of the Code of Criminal Procedure provides that:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act . . . .

TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(g) (Vernon Supp. 2004). Appellant filed a request for notice. The State responded by notifying appellant, in writing and several months before trial, of its intent to proffer evidence of numerous criminal acts undertaken by him and involving different victims. Two of the named victims were P. and A. Furthermore, the extraneous offenses which appellant committed against P. were listed as 1) "indecency with a child by exposure," 2) "aggravated sexual assault of a child," and 3) "indecency with a child by contact." These offenses occurred in Harris County "on or about" June 6, 1996, according to the notice. The offenses in which A. was the victim were itemized as 1) "indecency with a child by exposure," 2) "indecency with a child by contact," and 3) "sexual assault of a child." The State alleged (in its notice) that they too occurred in Harris County but "on or about" May 5, 1980.

At trial, evidence was offered of multiple acts undertaken by appellant involving P. and A. Though appellant did not object to the evidence of the first act committed with respect to each victim, he objected to the State's attempt to present evidence of other acts he may have committed against them because those acts supposedly were not covered by the State's prior written notice. For instance, P. initially testified that when she was six or seven years old, appellant inserted his finger into her vagina. When asked if he did other

5

things to her on other occasions, appellant objected. In his view, the State could not solicit that information because those acts occurred on a date other than June 6, 1996, and the State only notified him of its intent to present evidence of extraneous offenses occurring on June 6th. This argument has several flaws, however.

First, to have merit, the initial act described by the witness would have had to be the one encompassed by the notice, assuming *arguendo* that the notice is to be strictly construed as encompassing only those crimes committed on the exact day the State mentioned. Yet, neither appellant nor the record illustrate that the date on which he penetrated P. with his finger was June 6, 1996.[2] Nor do either appellant or the record illustrate that the other acts of which he was accused in the notice occurred on a date other than June 6, 1996. It may well be that the first act described happened on a date other than June 6th and the other offenses P. was asked to describe were the ones that actually occurred on June 6th.[3] And, if that is true, then appellant may well have objected to evidence of crimes about which the State actually notified him and stood silent when the evidence of offenses, if any, outside the scope of the notice was solicited. Simply put, we do not know one way or the other. And, because we do not, we cannot say that appellant carried his burden on appeal of showing that the trial court erred in admitting the evidence. Second, and more importantly, the underlying purpose of art. 37.07, §3(g) is to avoid unfair surprise. *Chimney v. State*, 6 S.W.3d 681, 693 (Tex. App.–Waco 1999, pet. ref'd). Assuming *arguendo* that serving this purpose may require exactitude under some

---

[2]As indicated in his brief, appellant simply presumed that the act occurred on June 6th.

[3]The same can be said about the evidence of extraneous offenses regarding A.

6

situations, it does not when the extraneous offenses involve crimes against children. Under those circumstances, the statutory requirement obligating the State to inform the accused of the date on which he committed the extraneous offense is relaxed. *Roethel v. State*, 80 S.W.3d 276, 280-81 (Tex. App.–Austin 2002, no pet.) (noting that "courts also have given the State leeway in specificity regarding dates" and that "[c]ourts have allowed some range of time to satisfy the requirement of a specific date"); *see Burling v. State*, 83 S.W.3d 199, 202-03 (Tex. App.–Fort Worth 2002, pet. ref'd) (stating that notice encompassing a six-week span was reasonable); *Hohn v. State*, 951 S.W.2d 535, 537 (Tex. App.–Beaumont 1997, no pet.) (stating that notice encompassing a three and one-half month span was sufficient). This is so because victimized children may not remember specific dates but rather general time periods. *Hohn v. State*, 951 S.W.2d at 537, *quoting Sledge v. State*, 903 S.W.2d 105 (Tex. App.–Fort Worth 1995), *aff'd,* 953 S.W.2d 253 (Tex. Crim. App. 1997).

Moreover, here, the State described the various extraneous crimes as occurring "on or about" a particular date. Admittedly, the time span encompassed by that phrase is not precise. *See Thomas v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988) (stating that "[w]here an indictment alleges that some relevant event transpired 'on or about' a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations"). Yet, use of that phrase has long been accepted as a reasonable means of informing the defendant of the crime for which he is accused of committing. *See e.g., id.* And, if it may be used as a means of describing the date on which an accused committed the crime for which he has been indicted, we see little reason to say it cannot be utilized as a legitimate means of describing the date on which he

7

committed extraneous offenses which the State intends to prove during the punishment phase of the trial. Given this, the leeway afforded the State under art. 37.07, §3(g) when children are involved, the fact that A. and P. were children when they were assaulted by appellant, the statement in the notice at bar that the prosecution sought to show that appellant committed *multiple* crimes against P. and A. on or *about* a specified day, the absence of evidence and argument illustrating that those extraneous crimes were committed at times other than on or *about* the dates mentioned in the notice, and the absence of any assertion by appellant that the State's proffer of evidence surprised him, we cannot say that he was denied the notice contemplated by art. 37.07, §3(g). In sum, appellant has not shown that the trial court abused its discretion in admitting the evidence at issue.

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


Brian Quinn
Justice


Publish.