Affirmed and Memorandum Opinion filed February 9, 2006









Affirmed and Memorandum Opinion filed February 9,
2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00836-CR

_______________

 

TYASSIR HINDAOUI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 974,588

_______________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Tyassir Hindaoui, appeals his conviction for
aggravated sexual assault of a child.  In
four issues, appellant contends that the trial court erred in admitting
evidence of extraneous offenses because the State did not provide reasonable
notice of its intent to introduce the evidence.   Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4. 








I. 
Background

The complainant was twelve years old at the time of the
offense.  On August 2, 2003, the
complainant, her younger sister, and a friend went to an early movie.  After the movie, the three spent the night in
appellant=s care.  Appellant bought them some wine coolers, and
the girls drank the wine coolers and went to sleep in a room across the hall
from appellant=s room.  

The complainant testified that at some time during the night,
appellant came into the girls= room, woke her, and brought her to his room.  The next time she was awakened, appellant was
on top of her.  She testified that
appellant put his penis inside her vagina and moved back and forth.  When she told appellant that he was hurting
her, he responded that was how it was supposed to feel.  After he stopped, appellant told her that if
she told anyone, it would be her fault. 
The complainant went to the bathroom and cried.  She noticed she was bleeding.  Some time later, she went back to the girls= room and went back to sleep.  The next morning, appellant took the girls
home.  The complainant did not tell
anyone what happened.

Several weeks later, the three girls again spent the night at
appellant=s house.  The complainant=s sister woke up during the night and
saw appellant kissing the complainant. 
The next morning, the complainant=s sister told her aunt and her
grandmother what she had seen.  Her
grandmother notified the complainant=s mother, who immediately called
appellant and requested that he bring the girls straight home.

After the complainant got back home, her mother asked her if
appellant had ever done anything to her. 
At that point, the complainant described the sexual assault.  The complainant=s mother called 911 and took the
complainant to the hospital for a medical exam. 
A jury found appellant guilty of aggravated sexual assault of a child
and assessed punishment at seventeen years= confinement.








II.  Discussion

Appellant
contends that the trial court erred in admitting evidence of extraneous
offenses because the State did not provide reasonable notice of its intent to
introduce the evidence.  See Tex. R. Evid. 404(b); Tex. Code Crim. Proc. Ann. art 38.37 ' 3 (Vernon 2005).  We review a trial court=s decision to admit evidence of
extraneous offenses under an abuse of discretion standard.  Page v. State, 137 S.W.3d 75, 78 (Tex.
Crim. App. 2004).  

Rule
404(b) of the Texas Rules of Evidence provides that evidence of extraneous
conduct is admissible to the extent it has relevance apart from showing
character conformity. Tex. R. Evid.
404(b).  However, when the evidence does
not arise from the same transaction, the State (or offering party) must give Areasonable notice@ of its intent to introduce 404(b)
evidence in its case-in-chief.  Id.  Article 38.37 of the Texas Code of
Criminal Procedure also provides in relevant part that evidence of other
crimes, wrongs, or acts committed by the defendant against a child victim shall
be admissible when notice is given Ain the same manner as the State is
required to give notice under Rule 404(b), Texas Rules of Evidence.@ 
Tex. Code Crim. Proc. Ann. art
38.37 '' 2, 3 (Vernon 2005).

A.        Provision of Alcohol








In his
first and second issues, appellant challenges the trial court=s admission of evidence that
appellant provided wine coolers to the three girls on the evening of the
offense. It is not disputed that the State failed to provide notice of its
intent to introduce the evidence. The State argues, however, that notice was
not required because the evidence  arose
out of the same transaction.[1]  See Tex.
R. Evid. 404(b) (excepting evidence Aarising in the same transaction@ from the notice requirement).  We agree.

An
offense is not tried in a vacuum, and it is well settled that Athe jury is entitled to know all the
relevant surrounding facts and circumstances of the charged offense.@ 
Moreno v. State, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986).  Same transaction contextual evidence is
admissible Awhen several offenses are >so intermixed or connected as to form
a single, indivisible criminal transaction, such that in narrating the one, it
is impracticable to avoid describing the other.=@ 
McDonald v. State, 179 S.W.3d 571, 577 (Tex. Crim. App. 2005)
(quoting Rogers v. State, 853 S.W.2d 29, 33B34 (Tex. Crim. App. 1993)).  Otherwise stated, the evidence must be Anecessary to the jury=s understanding of the offense.@ 
Id. (quoting Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim.
App. 2000)). 








Here,
appellant=s conduct in providing the girls
alcohol formed part of the same criminal episode.  This conduct involved the same victim, took
place on the same evening, and was inextricably intertwined with the events
leading up to the charged offense. 
Consequently, it would have been impracticable to avoid describing the extraneous
conduct in narrating the facts of the charged offense.  The evidence that appellant provided wine
coolers was necessary to the jury=s understanding of appellant=s state of mind and intent to  diminish the complainant=s capacity before sexually assaulting
her.  See Wyatt, 23 S.W.3d at 25B26 (holding evidence of sexual
assault admissible as same transaction contextual evidence when the evidence
was necessary for the jury=s understanding of appellant=s intent and motive for murder).  Moreover, the jury was entitled to be informed
of the ingestion of any substance likely to have an effect on the complainant=s mood or state of mind at the time
of the offense; such evidence was necessary to the jury=s understanding and evaluation of the
complainant=s subsequent actions and
reactions.  See Heiman v. State,
923 S.W.2d 622, 625B26 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d) (finding evidence that appellant
injected cocaine into himself and the complainant at the time of the offense
constituted same transaction contextual evidence).   

We hold
no notice was required because evidence that appellant provided alcohol to the
girls constituted same transaction contextual evidence.  See Tex.
R. Evid. 404(b).  Because article
38.37 of the Texas Code of Criminal Procedure incorporates the Rule 404(b)
notice provision, we also conclude that no notice was required under article
38.37.  See Tex. Code Crim. Proc. Ann. art. 38.37 ' 3. 
The trial court therefore acted within its discretion in admitting the
evidence.  Accordingly, appellant=s first and second issues are
overruled.

B.        Sexual Misconduct

In his
third and fourth issues, appellant challenges the admissibility of evidence
that appellant kissed and fondled the complainant prior to the indicted
offense.  At trial, the complainant
testified that appellant first made her feel uncomfortable during her Asixth-grade summer@ when appellant hugged her too tight
and Astarted squeezing and rubbing [her]
back.@ She then testified that the next
time she felt uncomfortable was when appellant kissed her on her lips Aduring March spring break.@ 
On cross-examination, the complainant was again asked to recall when
appellant first made her feel uncomfortable. 
She testified that she Areally didn=t know,@ but that it was sometime during the beginning of the summer
of 2003. 








Before
trial, the State provided timely notice of its intent to introduce evidence
that appellant kissed the complainant on the mouth and touched the breast of
the complainant on or about August 2, 2003.[2]  Appellant argues that the State=s notice was insufficient because the
complainant testified as to a kiss that occurred Aduring March spring break@ and inappropriate hugging that
occurred her Asixth grade summer.@ 
However, because victimized children may have difficulty remembering
specific dates, courts have given the State leeway concerning the specificity
of the date in crimes against children.  Nelson
v. State, 126 S.W.3d 700, 704B05 (Tex. App.CAmarillo 2004, pet. ref=d); see Holn v. State, 951
S.W.2d 535, 537 (Tex. App.CBeaumont 1997, no pet.) (notice encompassing a
three-and-one-half month span sufficient); Splawn v. State, 949 S.W.2d
867, 871 (Tex. App.CDallas 1997, no pet.) (notice encompassing an eighteen-month
span sufficient).  

Moreover,
even if the trial court erred in admitting the evidence, the error was
harmless.  We must disregard
non-constitutional errors which do not affect appellant=s substantial rights.  Tex.
R. App. P. 44.2(b); see MacDonald, 179 S.W.3d at 578
(applying Rule 44.2(b) harm analysis when evidence of extraneous conduct was
admitted without notice).  An error
causes harm under Rule 44.2(b) when it has Aa substantial and injurious effect or
influence in determining the jury=s verdict.@  Hernandez v. State, 176 S.W.3d 821,
824 (Tex. Crim. App. 2005) (quoting King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997)).  The purpose of
the notice requirement is to prevent unfair surprise.  Id. at 825.  Therefore, any error in admitting the
evidence cannot be said to have a Ainjurious@ effect or influence on the jury
verdict if appellant was not surprised by the evidence.  Id.  

Appellant
does not argue that he was surprised by the State=s offer of the evidence that
appellant had inappropriately hugged and kissed the complainant prior to the offense
charged.  In fact, the extraneous conduct
introduced at trial was listed on the offense report provided to appellant with
the date given as March, 2003.  The date
on the offense report corresponded to the complainant=s testimony that appellant kissed her
during AMarch spring break.@ 
Further, appellant does not show how his trial strategy would have been
different had he received notice of the State=s intent to introduce the evidence
with the correct date.  See id. at
825B26 (finding no harm when appellant
did not assert that he was surprised by the State=s offer of extraneous conduct, it was
reasonable to assume appellant had actual notice, and appellant did not show
that his trial strategy would have been altered if he had received
notice).  Appellant=s third and fourth issues are
overruled.  








Accordingly,
the judgment of the trial court is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed February 9, 2006.

Panel consists of Justices Hudson,
Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  The State also
argues that appellant failed to preserve error because he objected at trial
after a witness had responded in the affirmative to the State=s questioning as to whether appellant gave the girls
alcohol.  See Tex. R. App. P. 33.1 (requiring timely
objection to preserve error); Girndt v. State, 623 S.W.2d 930, 934B35 (Tex. Crim. App. [Panel Op.] 1981).  However, here, after appellant=s objection, the trial court held a hearing outside
the presence of the jury for the State to make an offer of proof.  The trial court overruled appellant=s objections, but granted appellant a running
objection over the alcohol-related extraneous conduct.  The State then proceeded before the jury to
develop the evidence concerning the type and amount of alcohol consumed.  We therefore conclude that appellant=s objection was timely and the alleged error was
adequately preserved. 





[2]  August 2, 2003
was the date of the offense as alleged in the indictment.