Affirmed and Memorandum Opinion filed December 12, 2006








Affirmed and Memorandum Opinion filed December 12, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01115-CR

____________

 

JOSEPH DELACUEVA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 10

Harris County, Texas

Trial Court Cause No. 1260888

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Joseph Delacueva, was convicted by a jury of
misdemeanor assault.  The trial court assessed punishment at 18 months
community supervision and a $4,000 fine, $3,400 of which was probated.  In two
points of error, appellant claims his confrontation rights were violated
because the declarant did not testify and the evidence is factually insufficient
to support his conviction.  We affirm.

 

Background

At approximately 3:00 a.m., on September 26, 2004,
Deputies  James Cassidy and Jeffrey Soto of the Harris County Sheriff=s Office were
dispatched to a Walgreen=s store.  Cassidy and Soto were about a
block from the Walgreen=s and arrived there within a minute in
separate patrol cars.  Upon arriving, they observed the complainant, Danielle
Dickerson, lying face down on the ground next to a vehicle.  Cassidy and Soto
saw that Danielle=s face was bleeding.  There was also blood
on Danielle=s hands and on the ground.  Cassidy testified, AAt the time, we
saw that she had a lot of blood on her face. . . . She was laying on the ground
and very bloody.@  Both Cassidy and Soto testified that
Danielle appeared to be in pain.  They both described her emotional state as Adistraught,
screaming, crying@ and Aextremely upset.@ 

When asked who Adid this to her,@ Danielle said her
boyfriend and pointed to appellant, who was walking away from the scene.  There
was no one else in the parking lot.  Cassidy and Soto ordered appellant to
stop, but he looked back over his shoulder, saw the deputies, and kept
walking.  At that point, the deputies drew their guns.  They ran to catch up to
appellant.  Appellant told the deputies Ahe didn=t do it.@  After appellant
had been handcuffed and placed in the back of a patrol car, Cassidy and Soto
returned to Danielle to ascertain her injuries and notify dispatch.  Danielle
told the deputies that she and appellant had started arguing when they were
driving home from a party.  She said appellant had kicked her in the face.  

Danielle had a busted lip and redness and swelling on her
face, and her nose was bleeding.  There were no scratches or cuts on Danielle=s hands and knees;
nor was there any dirt on, or tears in, her clothing.  Her injuries were
consistent with being kicked in the face with a foot, and did not suggest that
Danielle had hurt herself by falling down.  








An ambulance arrived on the scene, and EMS personnel
treated Danielle=s injuries and wiped the blood off her,
but she declined transport to the hospital.  Instead, she called her parents to
pick her up.  Danielle was intoxicated.  The deputies also observed that
appellant was intoxicated.  Appellant had some slurred speech and difficulty
maintaining his balance as he was walking.  

Appellant presented a different version of the events. 
Appellant testified that he and Danielle had gone to a party.  They left the
party at 1:00 a.m., picked up Danielle=s sister, and took
her home.  While they were still inside her sister=s apartment
complex, Danielle started complaining that her tampon was lodged and she could
not get it out.  Danielle rejected appellant=s suggestion that
she call her sister for help.  According to appellant, Danielle was Apanicking and
freaking out.@  Becoming irate, Danielle hit appellant.  

When they arrived at a Walgreen=s parking lot,
appellant was going to go inside to purchase a lubricant.  Instead, he called
911 because Ashe was out of control.@  Appellant told
the 911 operator that Danielle was Acrazy@ and she Ahad gone violent.@  According to
appellant, Danielle got out of the car, got in the driver=s seat, drove
about 60 feet with the door open, stopped the car, and fell out of the car.  On
cross-examination, appellant stated he did not actually see Danielle fall out
of the car.  Believing the deputies were there to help him, appellant walked
toward them, but they did not give him a chance to explain what had happened. 
Appellant also claimed he did not hear the deputies call out to him to stop and
he never tried to get away from them.  Appellant denied drinking any alcoholic
beverages that night.  Finally, appellant denied hitting Danielle.

Right to Confrontation








In his first point
of error, appellant claims the trial court erred in admitting hearsay
statements made by Danielle, who did not testify at trial, because they were
testimonial and he did not have a prior opportunity for cross-examination in
violation of the Sixth Amendment and Crawford v. Washington.[1] 
Under Crawford, the admission of a hearsay statement made by a
non-testifying declarant violates the Sixth Amendment if the statement was
testimonial, and the defendant did not have a prior opportunity for
cross-examination.  Wall v. State, 184 S.W.3d 730, 734 (Tex. Crim. App.
2006) (citing Crawford, 541 U.S. at 68).  Therefore, a testimonial
statement is inadmissible absent a showing that the declarant is presently
unavailable and the defendant had a prior opportunity to cross-examine, even if
the statement falls under an exception to the hearsay rule.  Id. at 734B35.  The threshold
issue under Crawford is whether the statement to be admitted is
testimonial.  Spencer v. State, 162 S.W.3d 877, 879 (Tex. App.CHouston [14th Dist.]
2005, pet. ref=d).  We have identified the following principles as
guidance in determining whether statements are testimonial in nature: 

(1) Testimonial statements are official and formal in nature. 

(2) Interaction with the police initiated by a witness or the victim is
less likely to result in testimonial statements than if initiated by the
police.

(3) Spontaneous statements to the police are not testimonial.

(4) Responses to
preliminary questions by police at the scene of the crime while police are
assessing and securing the scene are not testimonial.

Ruth
v. State, 167 S.W.3d 560, 568B69 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d) (citing Spencer, 162 S.W.3d at
879).  Similarly, the United States Supreme Court recently provided some
guidance in determining whether a statement is testimonial or non-testimonial. 
Davis v. Washington, __ U.S. __, 126 S. Ct. 2266 (2006).  AStatements are
nontestimonial when made in the course of police interrogation under
circumstances objectively indicating that the primary purpose of the
interrogation is to enable police assistance to meet an ongoing emergency.@  Id. at
2273.  AThey are
testimonial when the circumstances objectively indicate that there is no such
ongoing emergency, and that the primary purpose of the interrogation is to
establish or prove past events potentially relevant to later criminal
prosecution.@  Id. at 2273B74.  








We review a constitutional legal ruling, i.e., whether a
statement is testimonial or non-testimonial, de novo.  Wall, 184 S.W.3d
at 742.  The legal ruling regarding whether a statement is testimonial under Crawford
is determined by the standard of an objectively reasonable declarant in the
shoes of the actual declarant.  Id. at 742B43.  

Appellant argues that Danielle=s statement that
he kicked her in the face was testimonial in nature because it was in response
to questioning by the deputies.  The State asserts appellant has waived this
complaint on appeal.  We will address the State=s waiver argument
first.  

When Cassidy started to testify about what Danielle had
said happened, appellant=s counsel objected on the basis of hearsay
and right of confrontation under the Sixth Amendment.  The trial court
overruled the objection.  Later, when Cassidy testified, AWe asked her who
had done this to her and she pointed to the defendant,@ appellant failed
to object.  Appellant also did not object when Cassidy testified that Danielle
stated that appellant had kicked her in the face.  








With regard to Cassidy=s testimony that
(1) Danielle pointed to appellant when asked who hurt her and (2) Danielle told
the deputies appellant had kicked her in the face, we conclude appellant has
waived any error on appeal.  To preserver error, a party must make a timely
objection, stating the specific basis for the objection, and obtain a ruling
from the trial court.  Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim.
App. 2003).  A party must also object each time the inadmissible evidence is
offered or obtain a running objection.  Valle v. State, 109 S.W.3d 500,
509 (Tex. Crim. App. 2003).  After the trial court overruled his objection that
Danielle=s out-of-court
statements were hearsay and violated his right to confrontation, appellant
failed to object to Cassidy=s subsequent testimony regarding what
Danielle had told the deputies regarding the assault.  Therefore, appellant has
waived any complaint regarding those statements.  See Nelson v. State,
126 S.W.3d 700, 703 (Tex. App.CAmarillo 2004, pet. ref=d) (holding where
appellant twice objected to testimony, but failed to object a third time to
subsequent testimony on same matter, he waived complaint on appeal); Davidson
v. State, 80 S.W.132, 138 (Tex. App.CTexarkana 2002,
pet. ref=d) (holding where
defendant objected to outcry testimony, but did not object to subsequent
testimony about the outcry statement, he did not preserver error).  

When Soto started to testify about what Dickerson had
related about the assault, appellant=s counsel objected
on the basis of hearsay and the right of confrontation.  The trial court
granted appellant=s request for a running objection.  The
trial court then stated, AAs of right now, your objection is
sustained.@  In subsequent testimony, Soto recounted Danielle=s telling them her
boyfriend had beat her up and pointing out appellant to the deputies.  

When Cassidy and Soto arrived on the scene at the Walgreen=s parking lot,
they found Danielle lying face down, crying, and bleeding from the face.  Their
inquiry was for the purpose of determining the extent of her injuries and
gathering information for dispatch.  Thus, their purpose in questioning
Danielle was not to Aestablish or prove past events potentially
relevant to later criminal prosecution,@ but, instead, it
is objectively apparent the deputies, by their questioning Danielle, were
trying to provide Aassistance to meet an ongoing emergency.@  Davis,
126 S. Ct. at 2273B74; see also Spencer, 162 S.W.3d at
879 (stating responses to preliminary questions by the police at the scene of
the crime while assessing and securing the scene are not testimonial). 
Moreover, there is nothing to suggest that Danielle Areasonably
expected her statements to be used in a judicial setting.@  Hudson v.
State, 179 S.W.3d 731, 737 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  We conclude Danielle=s statements made
in response to the deputies= questions were non-testimonial.  

Finally, error, if any, in Danielle=s out-of-court
statements coming into evidence is harmless.  In cases of constitutional error
we must reverse the conviction unless we determine beyond a reasonable doubt
that the error did not contribute to the conviction.  Tex. R. App. P. 44.2(a); Simpson v. State, 119 S.W.3d
262, 269 (Tex. Crim. App. 2003).  The presence of other overwhelming evidence,
properly admitted, supporting the material fact to which the admissible
evidence was directed may be an important factor in conducting a harm
analysis.  Wall, 184 S.W.3d at 746.  








Appellant argues the error is harmful because the only
evidence presented during trial that an alleged assault had occurred and the
only evidence linking him to the alleged assault came from Danielle=s out-of-court
hearsay statements.  However, Danielle=s account of the
assault was admitted elsewhere, without objection, when Cassidy testified that
Danielle stated appellant had kicked her in the face.  The trial court also
admitted in evidence, without objection, the 911 tape on which Danielle told
the dispatcher her boyfriend had kicked her in the face.[2] 
Therefore, any error in the admission of Danielle=s out-of-court
statements is harmless.  Appellant=s first point of
error is overruled.

Factual Sufficiency

In his second point of error, appellant challenges the
factual sufficiency of the evidence supporting his conviction.  When reviewing
the factual sufficiency of the evidence supporting a conviction, we view all
the evidence in a neutral light.  Watson v. State, No. PD-469-05, 2006
WL 2956272, at *8 (Tex. Crim. App. Oct. 18, 2006).  Evidence is factually
insufficient if (1) it is so weak as to be clearly wrong and manifestly unjust
or (2) the finding is against the great weight and preponderance of the
available evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because, based on the quantum of admitted evidence, we would have
reached a different verdict.  Watson, 2006 WL at *10.  Nor can we order
a new trial because we disagree with the jury=s resolution of a
conflict in the evidence.  Id.  Instead, we must first be able to say,
with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury=s verdict before
ordering a new trial.  Id.  We may not substitute our judgment for that
of the jury=s.  Johnson, 23 S.W.3d at 12. 








Appellant relies on his own testimony as evidence contrary
to the verdict.  Appellant described an argument between Danielle and him while
at her sister=s apartment complex.  According to appellant, Danielle
complained that her tampon was lodged and she could not get it out.  She was Apanicking and
freaking out.@  Danielle, who had been drinking that evening, became
irate and started hitting appellant.  Appellant drove Danielle to Walgreen=s  When they
arrived at the Walgreen=s parking lot, appellant was going into
the store to purchase some lubricant, but decided to call 911 because Danielle
was Aout of control.@  Appellant then
testified that Danielle got out of the car, got in the car on the driver=s side, drove the
car a short distance with the door open, stopped the car, and then fell out of
car. 

Appellant complains that the only evidence supporting the
verdict were out-of-court statements by Danielle, who was intoxicated at the
time.  However, the influence of alcohol on Danielle is but only one factor to
consider in a factual sufficiency review.  Cf. Vasquez v. State, 67
S.W.3d 229, 237 (Tex. Crim. App. 2002) (AEven under a
factual sufficiency review, the influence of an illegal drug would be but a
factor to consider.@).  Moreover, Danielle=s intoxicated
state goes to the amount of credibility the fact finder will afford to her.  See
Cain v. State, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997) (stating intoxication,
among other factors, did not definitively favor or contradict the jury=s verdict, but,
instead, went to the credibility of the witness).  

Evidence supporting the verdict came from the deputies= testimony and the
911 tape of the call Danielle made.  Danielle told the deputies and the 911
operator that appellant had kicked her in the face.  Cassidy and Soto both
testified that Danielle=s injuries were consistent with having
been kicked in the face, not with falling down, injuring herself.  When Cassidy
and Soto arrived on the scene, appellant and Danielle were the only people in
the parking lot.  The appellant continued to walk away from the scene, even
after the deputies had called out for him to stop and had drawn their guns.  








It is within the province of the trier of fact to resolve
any conflicts and inconsistencies in the evidence.  Heiselbetz v. State,
906 S.W.2d 500, 504 (Tex. Crim. App. 1995).  Moreover, the trier of fact is
free to believe or disbelieve part or all of a witness= testimony.  Jones
v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998).  Appellant and the
State put forth competing versions of the events that took place in the
Walgreen=s parking lot. 
The jury was free to believe Cassidy and Soto=s version of the
events, and reject appellant=s, which apparently it did.  We cannot say
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust, or that the verdict is against the great weight
and preponderance of the evidence.  Appellant=s second point of
error is overruled. 

Accordingly, the judgment of the trial court is affirmed.  

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment rendered
and Memorandum Opinion filed December 12, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  541 U.S. 36 (2004).  





[2]  In addition to appellant=s calling 911, Danielle also called 911.